NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000549
23-MAR-2017
08:04 AM**

NO. CAAP-14-0000549

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ROBIN M. LEE, Plaintiff-Appellant, v.
BANK OF HAWAII, it's current President
& CEO PETER HO, it's LOSS PREVENTION,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-0189 VLC)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Reifurth and Ginoza, JJ.)

        In this interlocutory appeal, Plaintiff-Appellant Robin
M. Lee, pro se ("Lee"), appeals from the denial of (1) the
Petition Set Forth to Remove Prefiling Order of Review, filed on
March 11, 2014 ("Petition"); and (2) the Motion for an In Forma
Pauperis Order and Assistance with Process Service and Court
Appt. If Applicable, filed on March 3, 2014 ("Motion for IFP"),
by the Circuit Court of the First Circuit ("Circuit Court")[1].
On appeal, Lee does not explicitly allege any points of error;
nevertheless, we construe his arguments as contending that the
Circuit Court erred in denying the Petition and the Motion for
IFP because he cannot afford the filing fee.

        This court lacks appellate jurisdiction over the
purported denial of the Petition because it lacks the signature
of any judge, and is not a separate, appealable final judgment,
as required by Hawaii Revised Statutes section 641-1(a) (Supp.
2013) and the holding in *Jenkins v. Cades Schutte Fleming &
Wright*, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

---

        [1]     The Honorable Virginia L. Crandall and Edwin C. Nacino presided.
Judge Crandall appears to have presided over the Motion for IFP, and Judge
Nacino appears to have presided over the March 11, 2014 Petition.

Moreover, no exception to the final judgment requirement applies to the purported denial of the Petition. *See Siangco v. Kasadate*, 77 Hawai'i 157, 162, 883 P.2d 78, 83 (1994) (the collateral order doctrine must be construed narrowly and applied parsimoniously); *Ciesla v. Reddish*, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (allowing for an immediate appeal from a judgment for execution upon property); Haw. Rev. Stat. § 641-1(b) (allowing the appeal from an interlocutory order "whenever the circuit court may think [it] advisable").

Conversely, we appear to have appellate jurisdiction over Lee's challenge to the denial of the Motion for IFP because the denial is accompanied by what appears to be handwritten initials of Judge Virginia L. Crandall, and because "[t]he denial . . . of a motion to proceed in forma pauperis is an appealable order [under the collateral order doctrine]." *Roberts v. United States District Court for the Northern District of California*, 339 U.S. 844, 845 (1950). Nevertheless, Lee has issued against him by the Circuit Court an outstanding order deeming him a "vexatious litigant" and requiring that he "first obtain[] leave of the presiding judge of the court where the litigation is proposed to be filed." Because the record contains no evidence of Lee having obtained leave to file his complaint or the related Motion for IFP, the Circuit Court did not err in denying the motion.

Therefore, we affirm the denial of the March 3, 2014 Motion for IFP, and dismiss Lee's challenge of the denial of the March 11, 2014 Petition Set Forth to Remove Prefiling Order of Review for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 23, 2017.

On the briefs:

Robin M. Lee.
Pro Se Plaintiff-Appellant.

Presiding Judge

Associate Judge

Associate Judge

2